IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20316
Conference Calendar

_____

ROMELEE HARRIS; HAROLD R. HARRIS,

Plaintiffs-Appellants,

versus

US CUSTOMS SERVICE;
UNITED STATES OF AMERICA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1442
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Romelee and Harold Harris (Harrises) appeal the dismissal of their complaint against the United States Customs Service (Customs Service) for lack of jurisdiction.  The Harrises sued the Customs Service alleging violations of the Federal Tort Claims Act (FTCA), the Fourth Amendment, and 42 U.S.C. §§ 1983 and 1988.  They did not name the United States of America as a defendant.  The United States was erroneously designated on the docket sheet as a party-defendant.  The motion of the United States to dismiss it from the appeal is GRANTED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Harrises have not briefed any arguments on appeal regarding the dismissal of their claims filed under 42 U.S.C. §§ 1983 and 1988. As this court reviews only those issues presented to it, these issues are deemed abandoned. See United States v. Brace, 145 F.3d 247, 255 (5th Cir.)(en banc), cert. denied, 119 S. Ct. 426 (1998); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The Harrises argue that the Customs Service, as an offspring of the Department of Treasury, can be sued eo nominee because a statute, namely the Internal Revenue Service Reorganization Act of 1998, Pub. L. No. 105-206, 112 Stat. 689, allows the Department of Treasury to be sued eo nominee. However, they did not argue in the district court that this statute permitted the Customs Service to be sued eo nominee. "'The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)(quoting Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996)), cert. denied, 120 S. Ct. 982 (2000). Accordingly, this issue will not be considered on appeal.

Plaintiffs argue that the magistrate judge erred in determining that their Fourth Amendment claims are barred by sovereign immunity. In support of their position, the Harrises cite to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Butz v. Economou, 438 U.S. 478 (1978); and Davis v. Passman, 442 U.S. 228 (1979). Id. These cases concern the ability of a party

to sue a federal officer individually for violations of the Constitution and do not address sovereign immunity or the capacity of a federal agency to be sued. As these cases do not address whether sovereign immunity bars Fourth Amendment claims, they provide no aid to the Harrises's position. Since the Harrises' have failed to cite to cases which relate to their Fourth Amendment claims, this argument has no merit.

The Harrises argue for the first time in their reply brief that the magistrate judge erred in dismissing their claims with prejudice because they should be given the opportunity to refile their action against the appropriate party. We will not consider this issue because an issue cannot be raised for the first time in a reply brief. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

This appeal is without arguable merit; it is DISMISSED AS FRIVOLOUS. See 5th Cir. R. 42.2.

MOTION TO DISMISS GRANTED; DISMISSED AS FRIVOLOUS.