IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50099
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK DESHON BRYANT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-126-2
--------------------
October 23, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Roderick Deshon Bryant appeals the district court's denial of his motions to suppress. Bryant first argues that the district court erred in denying his motion to suppress the search of his Holiday Inn suite. He contends both that Jeffrey Valrey did not voluntarily consent to a search of the suite and that Valrey lacked authority over the suite. The district court's holding that Valrey voluntarily consented to a search of the suite was based on a credibility finding that we will not second-guess. See United States v. Garza, 118 F.3d 278, 283 (5th Cir.

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Further, the district court did not err in holding that Valrey had either actual or apparent authority over the suite. See United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997), cert. denied, 118 S. Ct. 726, 1084 (1998); United States v. Richard, 994 F.2d 244, 250 (5th Cir. 1993).

Bryant also contends that the district court erred in denying his motion to suppress his statement, as it was the fruit of his illegal arrest.  Because he is raising this argument for the first time on appeal, we decline to consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).  Because Bryant has failed to demonstrate error on the part of the district court, the denial of his motions to suppress is AFFIRMED.