IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31290
Summary Calendar
_____


DONNA ST. GERMAINE,

                                         Plaintiff-Appellant,

versus

AMOCO PRODUCTION CO. ET AL.,

                                         Defendants,

AMOCO PRODUCTION CO.,

                                         Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-300
---------------------
June 21, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

     Donna St. Germaine appeals from the dismissal of her sexual
harassment claim following the district court's grant of summary
judgment in favor of Amoco.  We review the district court's
decision de novo.  E.g., Skotak v. Tenneco Resins, Inc., 953 F.2d
909, 912 (5th Cir. 1992).

     St. Germaine has failed to establish a genuine issue of
material fact concerning whether Amoco was her employer.  See

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)(party opposing properly supported motion for summary judgment must present facts showing there is a genuine issue for trial).

St. Germaine has also failed to present material facts showing that genuine issues exist whether Amoco was negligent in its training and supervision of LeBlanc and whether Amoco had knowledge of other alleged harassment involving LeBlanc prior to its investigation of St. Germaine's complaint.

We do not reach St. Germaine's argument, raised for the first time on appeal, that Title VII jurisprudence on "joint employment" is applicable to her case. "'Th[is] Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000)(quoting Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996)). St. Germaine did not assert this theory in the district court and cannot present this issue on appeal.

Even if we were to find that Amoco is St. Germaine's employer as defined by La. Rev. Stat. Ann. 23:301 et seq., liability attaches to the employer for sexual harassment only where it is shown that the alleged conduct occurred during the course and scope of the harasser's employment. See Alphonse v. Omni Hotels Mgmt. Corp., 643 So. 2d 836, 840 (La. Ct. App. 1994). St. Germaine did not appeal the district court's determination

that LeBlanc was not in the course and scope of his employment at the time of the alleged assault. "[C]ontentions not briefed are waived and will not be considered on appeal." <u>Trust Co. of La. v. N.N.P., Inc.</u>, 104 F.3d 1478, 1485 (5th Cir. 1997).

St. Germaine's argument that her claim for negligent infliction of emotional distress is still viable is meritless because the district court's ruling that Amoco was not vicariously liable relieves Amoco of all liability for LeBlanc's conduct. LeBlanc's denial of the alleged assault does not create a genuine issue of material fact for purposes of Amoco's summary judgment. Resolution of St. Germaine's claim against Amoco via summary judgment procedure was appropriate.

AFFIRMED.