United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60330
c/w No. 03-60704
Summary Calendar

———————————————

GEORGE DUNBAR PREWITT, JR.,

Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-MC-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

George Dunbar Prewitt, Jr., an attorney at law, appeals the
district court's order banning him from the third floor of the
federal courthouse in Greenville, Mississippi, absent a showing of
good cause.  First, he argues that the district court lacked
jurisdiction to impose such an order.  A court's imposition of
sanctions, such as here, stems from its inherent power.  See
Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Crowe v. Smith,
151 F.3d 217, 266 (5th Cir. 1998).  The district court was not
without jurisdiction.

Second, Prewitt argues that he was never informed of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"the specific sanctionable actions at issue" in his show-cause hearing. The district court provided Prewitt with 81 pages of written material relating to his sanctionable conduct. Prewitt has not shown that the notice he received deprived him of a meaningful opportunity to be heard. See City of West Covina v. Perkins, 525 U.S. 234, 240 (1999).

Third, Prewitt argues that Judge Mills, the district court judge who presided over Prewitt's show-cause hearing, was biased against him. Disqualification under 28 U.S.C. § 455 is appropriate if a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988) (citations omitted). Prewitt's speculation that Judge Mills is biased because of a previously dismissed case in which Judge Mills was neither a party nor the adjudicator is conclusional. He has not shown that a reasonable person would harbor doubts about the judge's impartiality. See id.

Fourth, Prewitt argues that he was sanctioned on February 27, 1996, and again on April 1, 1996, for the same conduct. The district court held that the April 1996 sanction order was void for failure to comply with due process standards. There is no meaningful relief available that would redress this alleged wrong. Therefore, this issue is moot. See First Indiana Fed. Sav. Bank v. F.D.I.C., 964 F.2d 503, 507 (5th Cir. 1992).

Fifth, Prewitt argues that the sanctions order violates

his First Amendment rights. The Supreme Court has stated the general principle that "the First Amendment does not guarantee access to property simply because it is owned or controlled by the government." U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns, 453 U.S. 114, 129 (1981). Moreover, the district court found Prewitt to be a threat to public safety, which presents a legitimate cause for limiting his access to the courthouse. See e.g., Schenck v. Pro-Choice Network Of Western New York, 519 U.S. 357, 375 (1997) (First Amendment rights may be narrowed for legitimate public safety concerns). Prewitt has not shown that the sanctions amount to a First Amendment violation.

Last, Prewitt argues that the district court failed to comply with the mandate rule, the sanctions order violates his rights under the Establishment and Free Exercise Clauses, and the sanctions order is unconstitutionally vague. We decline to address these arguments as they are raised for the first time in this appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The district court's order is AFFIRMED. All outstanding motions are DENIED.

AFFIRMED; MOTIONS DENIED.