IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60406
Summary Calendar

———————————

VERONICA MCCALLUP,

Plaintiff-Appellant,

versus

WEYERHAEUSER COMPANY,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-252-WS

———————————

October 28, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Veronica McCallup, Mississippi prisoner no. K1256, appeals the district court's dismissal of her civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

On appeal, McCallup has abandoned the allegations in her complaint regarding her eviction, the loss of bonding money, and the loss of money to a car dealership by failing to brief these

———————————

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We need not address the new issues McCallup attempts to raise before this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). With respect to McCallup's assertion that she was deprived of certain property rights relating to timber, she stated that the land on which the timber was located is owned by a corporation. This corporation has not been named as a party to this action. Further, the factual allegations of the complaint do not suffice to suggest any likelihood of the presence of state action and action under color of state law as required for all claims under 42 U.S.C. § 1983. See, e.g., *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S.Ct. 977, 985-89 (1999). Nor do the allegations of the complaint tend to show with respect to any complained of deprivation of property rights that Mississippi's postdeprivation remedies are inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Nickens v. Melton*, 38 F.3d 183, 185-86 (5th Cir. 1994). Accordingly, the judgment of the district court is AFFIRMED.