United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41518
Conference Calendar

_____

JOE LOUIE MENDOZA,

                                      Petitioner-Appellant,

versus

JONATHON DOBRE, Warden,

                                      Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-30
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Joe Louie Mendoza, federal prisoner # 05776-010, appeals the

district court's denial of his 28 U.S.C. § 2241 habeas corpus

petition challenging a disciplinary conviction, for which he lost

13 days of good-time credit.  Mendoza argues that he was not

given notice of the charge 24 hours prior to the disciplinary

hearing, in violation of <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-66

(1974).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The purpose of the 24-hour notice requirement is "to inform [the defendant] of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. The incident report, which Mendoza received several days before the hearing, fulfilled this purpose. Mendoza was on notice of the specific acts he would be required to disprove or defend. The report indicated that Mendoza's possession of the food items was a significant part of the prohibited acts he was accused of committing. He had the opportunity to explain that he possessed the food items pursuant to his assignment of cleaning tables, but he did not do so. Although Mendoza was convicted of a less serious offense, the incident report included sufficient information to meet the notice requirement set out in Wolff.

Mendoza also appears to be arguing that the evidence was insufficient to sustain his conviction. Mendoza did not present this argument to the district court, and this court will not review the argument for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.