United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40848
Conference Calendar

GERALD F. CAIN,

Plaintiff-Appellant,

versus

BETO I UNIT; CLASSIFICATION BETO I, Classification
Committees of the Beto I Unit; SECURITY PERSONNEL, Security
Personnel on Beto I Unit working U-Wing; WYNNE UNIT; WYNNE
CLASSIFICATION, Classification Committees on the Wynne Unit;
INVEST OFFICER WYNNE, Investigating Officers on Wynne Unit;
CHARLES POWELL; JANIE COCKRELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-554-HWM
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald F. Cain, Texas prisoner # 812200, filed a 42 U.S.C.
§ 1983 complaint against all of the above defendants except
Cockrell. Cain alleged that, despite his claim that his life was
endangered by his fellow inmate Charles Powell, prison officials
placed him in a position where he was stabbed by Powell. Cain
later sought and was granted leave to amend his complaint to name

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cockrell as the sole defendant. Cain's sole allegation against Cockrell was that she had allowed her subordinates to violate his Fourteenth Amendment rights. The magistrate judge before whom Cain had consented to proceed dismissed Cain's lawsuit with prejudice pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim because Cain had alleged only a respondeat-superior liability claim against Cockrell.

Cain's argument that the state actors in this case are not entitled to Eleventh Amendment immunity is frivolous as none of the defendants were dismissed from the lawsuit on the basis of immunity. Cain argues that, despite his unequivocal request to amend his complaint to dismiss all defendants except Cockrell, the magistrate judge erred in allowing him to do so. This argument is also frivolous. As Cain concedes, the magistrate judge was not required to act as Cain's advocate.

Cain also argues that the magistrate judge erred in failing to hold a hearing to allow him an opportunity to present evidence that would show that Cockrell indifferently implemented deficient policies that led to the violation of his constitutional rights. We do not consider Cain's conclusional allegations that Cockrell implemented such policies because they are made for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Cain's appeal is without arguable merit, and it is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215,

219-10 (5th Cir. 1983).  The magistrate judge's dismissal of Cain's complaint as frivolous and for failure to state a claim and our dismissal of Cain's appeal both count as strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Cain has already received one other strike.  Cain v. Ambriz, No. 04-40632 (5th Cir. Sept. 28, 2004).  Accordingly, Cain shall no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.