United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60569
Summary Calendar

CHARLIE LEE TAYLOR,

Plaintiff-Appellant,

versus

JIMMIE MILTON, Lieutenant; FAYE NOEL, Lieutenant;
MICHAEL GERMAN, Lieutenant; MICHAEL DAVES, K-9 Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-133-PA
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Charlie Lee Taylor (Taylor), Mississippi prisoner # R6798,

appeals the district court's dismissal of his 42 U.S.C. § 1983

civil rights complaint against Lieutenant Jimmie Milton,

Lieutenant Faye Noel, Lieutenant Michael German, and K-9 Officer

Michael Daves for failure to state a claim upon which relief

could be granted and failure to exhaust administrative remedies.

Taylor contends that the district court erred in dismissing

his civil rights complaint for failure to state a claim upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which relief could be granted. Aside from conclusional allegations that his legal work was allowable property and that the seizure was unconstitutional and in violation of the Mississippi Department of Corrections' (MDOC) policy, Taylor does not challenge the district court's determination that the MDOC policy had been approved by the court, that the defendants were justified in confiscating Taylor's legal work, and that Taylor had not submitted a proper request to have his legal work returned. Therefore, Taylor has abandoned this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Further, as Taylor did not allege a physical injury, 42 U.S.C. § 1997e(e) precludes his claim for compensatory damages for any mental or emotional injury suffered as a result of the confiscation of his legal work at gunpoint. Moreover, as Taylor did not allege any facts that would render the likelihood of a future injury any more than a remote and speculative possibility, he failed to state a valid Eighth Amendment claim for injunctive relief. See Society of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir. 1992). Therefore, the district court did not err in dismissing Taylor's complaint for failure to state a claim upon which relief could be granted, and this court need not determine whether a dismissal was also justified for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

For the first time on appeal, Taylor contends that District Judge W. Allen Pepper, Jr., was biased against him and should have disqualified himself from the case. "Requests for recusal raised for the first time on appeal are generally rejected as untimely." Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Nevertheless, even if this court were to review Taylor's contention, he cannot show plain error. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Gray, 105 F.3d 956, 968 (5th Cir. 1997).

Finally, this court will not consider Taylor's newly raised allegations regarding events that occurred subsequent to the district court's dismissal of his case. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Because Taylor's appeal is without arguable merit, it is dismissed as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Taylor is warned that the filing of frivolous pleadings in this court or in the district court or the prosecution of frivolous actions or appeals will subject him to sanctions beyond those prescribed in 28 U.S.C. § 1915(g), including monetary penalties and restrictions on his ability to file actions and appeals.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.