United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60428
Summary Calendar

CHARLIE TAYLOR,

Plaintiff-Appellant,

versus

SONJA STANCIEL, Correctional Officer II, BRENDA THOMPSON,
Lieutenant; DONALD A. CABANO, Superintendent; CHRISTOPHER B.
EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-339
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Charlie Taylor, Mississippi prisoner # R6798, appeals the
district court's dismissal as frivolous of his civil rights
complaint challenging Mississippi Department of Corrections (MDOC)
officials' issuance of a rules violation report (RVR) concerning
his possession of excessive legal materials and the officials'
subsequent destruction of those materials.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Liberally construed, Taylor's appellate brief argues that the issuance of RVR # 565234 and his resulting loss of privileges violated his due process rights. However, a loss of privileges for 30 days does not give rise to a protected liberty interest because the loss does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Liberally construed, Taylor's brief contends that MDOC regulations do not provide for the destruction of excess legal and religious materials and that officials' destruction of his legal materials constituted an unconstitutional taking without due process of the law. However, under the facts conceded by Taylor, there is no indication that he was not provided with due process of the law. See Zinermon v. Burch, 494 U.S. 113, 125 (1990).

Taylor also contends that officials' destruction of his legal materials denied him access to the courts because he was unable to file a brief in a pending civil action as a result of his loss of the materials. However, Taylor has not shown how the lack of the legal materials prevented him from preparing or filing a brief, and thus he has not shown the actual injury required for the filing of a denial of access to the courts claim. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Liberally construed, Taylor's brief argues that the district court erred in sanctioning him under FED. R. CIV. P. 11 because the

2

defendants did not move for such sanctions and because his claims had merit. However, a court may, on its own initiative, enter an order describing Rule 11 violations and ordering a party to show why it has not violated Rule 11. See FED. R. CIV. P. 11(c)(1)(B). Furthermore, because Taylor's substantive claims lacked merit, the district court did not err in determining that they were frivolous or in issuing sanctions as a result. See FED. R. CIV. P. 11(b)(1), (c).

Taylor argues that the district court's sanction, which required that Taylor receive the district court's permission before filing a case, violates his right of access to the courts. However, because the district court's sanction does not prevent Taylor from filing nonfrivolous suits, Taylor has failed to show the actual injury required to prevail on a claim of denial of access to the courts. See Lewis, 518 U.S. at 350-51.

Taylor argues that District Court Judge W. Allen Pepper erred in failing to recuse himself for a conflict of interest arising from Judge Pepper's involvement in Taylor's prior civil rights suits and from Taylor's filing of a complaint against Judge Pepper as part of another district court case. However, Taylor has not shown that the district court abused its discretion in denying Taylor's recusal request. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Mizell, 88 F.3d 288, 299 (5th Cir. 1996).

3

Taylor's appeal is frivolous and without arguable merit. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Taylor's appeal is dismissed. <u>See</u> 5TH CIR. R. 42.2.

This court previously warned Taylor that filing frivolous actions or appeals in the district court or this court would result in monetary penalties and restrictions on his ability to file actions and appeals. <u>See</u> <u>Taylor v. Milton</u>, No. 04-60569 (5th Cir. Feb. 15, 2005) (unpublished). Accordingly, we order Taylor to pay $500 in sanctions to the clerk of this court.

Taylor is barred from filing in this court or in any court subject to this court's jurisdiction any appeal, motion, and/or pleading in connection with this case until the total amount of the sanction imposed is paid in full. Further, the clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Taylor unless Taylor submits proof of satisfaction of this sanction. If Taylor attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged. Upon proof that the sanction has been paid, Taylor is required to seek advance written permission of a judge of the forum court before filing any civil appeal or any initial civil pleading. Taylor is cautioned that any future frivolous or repetitive filings in this court or any court

4

subject to this court's jurisdiction will subject him to additional sanctions.

**APPEAL DISMISSED; SANCTIONS IMPOSED.**