**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60488
Summary Calendar

MILTON LEE LEVERETTE,

Plaintiff-Appellant,

VERSUS

LOUISVILLE LADDER COMPANY

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(5:97-CV-58-Br-S)

July 9, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Milton Lee Leverette brought suit against Louisville Ladder Company asserting that manufacturing defects were responsible for injuries suffered in a work-related fall. The district court, excluding Leverette's expert's testimony, granted Louisville Ladder's Motion for Judgment as a Matter of Law. Leverette appeals. We AFFIRM.

I. FACTS AND PROCEEDINGS

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In March, 1995, Milton Lee Leverette was working for Vicksburg Video as a cable installer and technician. As a part of his work duties, Leverette used a 28-foot fiberglass extension ladder to check and install cable on utility poles. While working on March 25, 1995, Leverette placed his ladder against the utility pole to check the cable of one of his customers. As he reached the third rung from the top, the ladder broke in half, and Leverette fell approximately 30 feet to the ground. Leverette suffered severe injuries to his shoulder, back, and abdomen, requiring two surgeries.

Leverette filed a complaint against the manufacturer of the ladder, Louisville Ladder Company, under the Mississippi Product Liability Act ("MPLA") alleging that he suffered severe personal injuries as a result of a manufacturing defect. Leverette enlisted the assistance of Dr. Shelby Thames, a professor of chemistry and polymer sciences at the University of Southern Mississippi. Upon completion of the discovery deposition of Dr. Thames, Louisville Ladder filed a Motion for Summary Judgment and further, filed a Motion to Exclude the testimony of Dr. Thames pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). The district court denied both Motions. Louisville Ladder also moved to strike Dr. Thames' testimony on the ground that Leverette failed to produce a list of the cases that its expert had testified in the past four years and the amount that they were paying Dr. Thames, pursuant to Fed. R. Civ. P. 26. The district court ordered Leverette to produce the expert information within five days.

2

Prior to trial, Louisville Ladder renewed its *Daubert* motion and requested the court to strike Dr. Thames' testimony because the Rule 26 expert information was not provided.

At trial, Leverette called Dr. Thames who opined that the ladder had a manufacturing defect because there was no adhesion between the fiberglass and the polymer matrix making up the ladder. At the conclusion of Dr. Thames' testimony, the district court ruled that Dr. Thames' testimony was irrelevant and excluded his testimony. The district court subsequently granted Louisville Ladder's Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50.

## II. DISCUSSION

We review the district court's decision to grant a Motion for Judgment as a Matter of Law *de novo. See Garcia v. Woman's Hosp. of Texas*, 97 F.3d 810, 812 (5th Cir. 1996). We consider all the evidence in the light and with all inferences most favorable to the party opposed to the motion. *See Ikerd v. Blair*, 101 F.3d 430, 432 (5th Cir. 1996). We review the district court's decision to exclude expert testimony for an abuse of discretion. *See General Electric Co. v. Joiner,* 118 S. Ct. 512, 517 (1997); *Moore v. Ashland Chemical Inc.,* 151 F.3d 269, 274 (5th Cir. 1998).

Leverette contends that the district court abused its discretion in excluding Dr. Thames' testimony on the ladder's manufacturing defect. The district court, relying on *Daubert,* Fed. R. Evid. 702, and Fed. R. Evid. 703, excluded the testimony, ruling that the testimony was irrelevant to proving that the ladder had a

3

manufacturing defect.   We hold that the district court did not abuse its discretion in excluding the expert's testimony for a lack of relevance.

To prevail in a products liability case under Mississippi law, the plaintiff must prove, at the time the product left control of the manufacturer or seller, "[t]he product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications...."   Miss. Code. Ann. § 11-1-63(a)(i)(1).

Louisville Ladder manufactures its ladders to meet specifications under the American National Standard Institute ("ANSI").   The ANSI standards provide a set of minimum performance and dimensional requirements for the manufacture of products.   ANSI A14.5 specifies materials to be used in manufacturing, the properties of the materials, the types of tests to be performed, and minimum test results.   Further, the ANSI relies on the American Society of Testing and Materials ("ASTM") for performing strength, physical, and mechanical property tests for fiberglass.

The district court ruled, and we agree, that Dr. Thames failed to assess whether the ladder met ANSI standards in accordance with the requirements under Mississippi law.   The district court did not abuse its discretion.

Leverette now contends that this Court should apply a risk-utility analysis to the ladder under *Sperry-New Holland v. Prestage,* 617 So.2d 248 (Miss. 1993) to find that it was a

4

defective product. The risk-utility analysis applies to design defects case, not manufacturing defect cases. *See* Miss. Code. Ann. § 11-1-63(a)(i)(1), (b). "The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *See Forbush v. J.C.Penney Co.,* 98 F.3d 817, 822 (5th Cir. 1996). Leverette did not assert a design defect theory and cannot present this issue on appeal.

Finally, Leverette contends that the district court should have considered his Motion for Reconsideration to challenge the constitutionality of the MPLA. This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances, *see North Alamo Water Supply Corp. v. City of San Juan Texas*, 90 F.3d 910, 916 (5th Cir. 1996) (declining to consider constitutional challenge to statute on appeal), and generally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration. *See Browning v. Navarro,* 894 F.2d 99, 100 (5th Cir. 1990).

## III. CONCLUSION

For the foregoing reasons, the district court's opinion is AFFIRMED.

5