IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50038
Summary Calendar
_____

MIGUEL MARTINEZ-LOPEZ,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA;
U.S. IMMIGRATION AND NATURALIZATION
SERVICE; R. D. MILES, Warden,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-784-JN
- - - - - - - - - -
April 23, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Miguel Martinez-Lopez appeals the district court's denial of his motion for immediate deportation and removal.  He contends that he is entitled to be immediately deported to Mexico because he is a Mexican national, an order of removal has been entered against him, and he has applied to be transferred to Mexico pursuant to the Treaty on the Execution of Penal Sentences between the United States and Mexico.  Martinez is serving a 189-month sentence for conspiracy to possess with intent to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute cocaine, possession with intent to distribute five or more kilograms of cocaine, and laundering monetary instruments.

Orders of removal generally may not be executed until after an alien is released from prison. See 8 U.S.C. § 1231(a)(1)(B); 8 U.S.C. § 1231(a)(4). Thus, Martinez' assertion that the existence of an order of removal against him requires his immediate deportation is without merit. Additionally, section 1231 does not provide a private right of action to compel the release or removal of an alien. See 8 U.S.C. § 1231(a)(4)(D).

The Attorney General is vested with discretion to determine whether to seek the transfer of an alien prisoner pursuant to the Treaty on the Execution of Penal Sentences. See 18 U.S.C. § 4102. Martinez has cited no authority for compelling such a transfer. In light of the fact that the receiving state, Mexico, also must approve the transfer, the district court did not err in determining that it lacked authority to order Martinez' deportation.

To the extent that Martinez seeks to raise new issues, pertaining to relief under 28 U.S.C. § 2241 and an alleged sentencing error under Apprendi v. New Jersey, 530 U.S. 466 (2000), we do not consider these issues because they are raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

AFFIRMED.