IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21109
Conference Calendar
_____

JOHN PARKS TROWBRIDGE,

                                             Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE, an Agency
of the United States Government;
PAUL CORDOVA, District Director,

                                             Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4426
- - - - - - - - - -
August 23, 2002
Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    John Parks Trowbridge appeals the dismissal of his mandamus petition for failure to state a claim pursuant FED. R. CIV. P. 12(b)(6). Trowbridge argues that the failure of the Internal Revenue Service (IRS) and its District Director to issue a determination letter in response to his request constitutes a breach of contract, violates his right to equal protection of the law, and violates a mandatory duty under 26 C.F.R.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 601.201(a)(1) and (a)(3). He seeks the issuance of an order compelling the District Director to comply with the IRS' regulations.

To the extent that Trowbridge argues that there has been a breach of contract, we do not address this issue because it is raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Trowbridge has not stated an equal protection claim because he does not allege that similarly situated people were subject to disparate treatment without a rational basis. See United States v. Abou-Kassem, 78 F.3d 161, 165 (5th Cir. 1996).

The district court did not err in dismissing Trowbridge's request for mandamus relief because he has not established a clear right to a determination letter or that the IRS or its District Director had a clear duty to issue such a letter. See 26 C.F.R. §§ 601.201(a)(1), (a)(3), and (d).

AFFIRMED. MANDAMUS DENIED.