IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30102
Summary Calendar
_____

AARON J. ISTRE,

                                        Plaintiff-Appellant,

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA; ET AL,

                                        Defendants,

LIFE INSURANCE COMPANY OF NORTH AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-544
--------------------
August 23, 2002

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Aaron J. Istre appeals the district court's order granting a summary judgment in favor of Life Insurance Company of North America (LINA).  Istre argues that LINA improperly refused to pay $225,000 in accidental death benefits to him after the accidental death of his common-law spouse, Desiree Lynne Schambough.  In the district court, Istre argued that LINA was equitably estopped

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from challenging its liability under the policy.  For the first time on appeal, he argues that LINA waived the right to assert a defense to its liability under the policy.  He relies on Pitts and Pitts v. American Security Life Ins. Co., 931 F.2d 351, 356-57 (5th Cir. 1991).  Istre may not raise this issue for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Nonetheless, Istre has not shown that LINA waived the right to assert a defense to its liability under the policy.  Istre's reliance on Pitts is misplaced as Pitts is limited to its factual circumstances and is distinguishable.  The accidental death policy at issue was not valid initially because Schambough was not Istre's legal spouse under Louisiana law and, therefore, she was not an eligible dependent under the plain language of the policy.  See State v. Williams, 688 So. 2d 1277, 1281 (La. Ct. App. 1997).  Unlike the insurer in Pitts, LINA did not make a payment of benefits under the policy without making a reservation of rights despite notice that policy was voidable.  Because Istre has not shown that the district court erred in holding that Schambough was not an eligible dependent under the accidental death policy, the district court's judgment is AFFIRMED.