United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30761
Summary Calendar

_____

KEVIN GARRICK,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2005
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kevin Garrick appeals from the district court's judgment affirming the denial of his 1998 motion to reopen a prior determination of Social Security benefits by the Commissioner of Social Security (Commissioner). Throughout the administrative proceedings and in the district court, Garrick has consistently argued that the omission of his parentage on a 1977 benefits application filed by a prior claimant, later determined to be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garrick's father, constituted fraud or similar fault.  For the first time on appeal, Garrick recharacterizes his argument and contends that his mother made an incorrect or fraudulent statement on her application by withholding evidence of his paternity.  Specifically, Garrick argues that his mother withheld evidence of an Acknowledgment of Paternity.  This newly-raised claim is not reviewable for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

For the first time in his reply brief, Garrick relies on LA. CIV. CODE ANN. arts. 203 (A), (B) and 209 (West 1993 & Supp. 2003), to establish legitimate filiation with a prior claimant.  This court generally does not consider issues raised for the first time in a reply brief.  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 384 n.9 (5th Cir. 2001).  Garrick's argument presents no reason for departing from this general rule. Accordingly, the judgment of the district court affirming the Commissioner's denial of Garrick's motion to reopen is AFFIRMED. Garrick's motions to remand the case and for appointment of counsel are DENIED.