IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2003**

Charles R. Fulbruge III
Clerk

No. 03-60108
Summary Calendar

CEOLA JAMES,

                                        Plaintiff-Appellant,

versus

AMY TUCK, In her official capacity as President
and Agent of the Mississippi Senate, an officer
approving Senate Bill 2289;
TIM FORD, as Speaker of the House of Representatives
and as an Officer approving Senate Bill 2289;
RONNIE MUSGROVE, Governor, in his capacity as the
governing authority approving Senate Bill 2289;
ERIC CLARK, in his official capacity as
Secretary of State; JOHN DOES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1447-BNJ
--------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

Ceola James appeals the district court's order granting summary judgment and dismissing with prejudice her suit brought under the Voting Rights Act, 42 U.S.C. § 1971 et seq. James argues on appeal that the district court erred in determining

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that her Voting Rights Act claim was frivolous without convening a three-judge panel.  A single-judge district court has the authority to determine whether a three-judge court is required, and "a three-judge court is not required if the claim is wholly insubstantial or completely without merit."  See United States v. Saint Landry Parish Sch. Bd., 601 F.2d 859, 863 & n.6 (5th Cir. 1979).  Once the Attorney General has failed to object to a proposed change in procedure, judicial review of the Attorney General's actions is precluded; thus, to the extent James sought judicial review of the Attorney General's actions, her claim was barred.  See Morris v. Gressette, 432 U.S. 491, 504-05 (1977).  James suggests that a three-judge court was required to determine whether the changes had a discriminatory purpose or effect of the changes; however, the three-judge district court lacks jurisdiction to make such a determination.  See Perkins v. Matthews, 400 U.S. 379, 383 (1971).

This court will not address the arguments that James raises for the first time on appeal, namely that the change in the election law denied Mississippi voters due process and that the approval of the election ballots required preclearance by the United States Attorney General.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Moreover, James failed to brief the retroactivity, vagueness, personal due process, ex post facto, and equal protection claims she raised below, and they are deemed abandoned on appeal.  See Hughes v.

Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

James' argument that the district court should have permitted her to amend her complaint must also fail, as the heightened pleading requirement applies to cases involving immunity.  See Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 376 (5th Cir. 2000).

AFFIRMED.