United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-11382
Summary Calendar

—————————————

MICHAEL LEE HASTEY,

Plaintiff-Appellant,

versus

GEORGE W. BUSH, Etc., Et Al.,

Defendants,

RICK PERRY, Governor of Texas;
JOHN CORNYN, Attorney General of Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CV-234-C
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Lee Hastey appeals from the dismissal of his claims against Governor Rick Perry and former Attorney General of Texas John Cornyn. Hastey moves for leave to file a second amended complaint; his motion is DENIED. He moves for this court to suspend Texas's animal protection laws; his motion is DENIED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hastey contends that TEX. PENAL CODE ANN. § 42.09 (Vernon 2003), which penalizes cruelty to animals violates the Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments; that the statute violates the Establishment and Free Exercise Clauses of the First Amendment; that the district court erred by dismissing his action with prejudice; and that the district court erred by denying his motion to amend his complaint. Hastey's contentions are unavailing.

Hastey's Fourth, Fifth, Ninth, and Fourteenth Amendment contentions are unripe for review, as he has not alleged that any actions have been taken against him pursuant to the authority of the challenged statute. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895-96 (5th Cir. 2000). We do not address Hastey's Tenth Amendment claim, as it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Hastey has not alleged facts suggesting government coercion regarding religion or actual interference with his religious beliefs. The district court did not err by dismissing his Free Exercise Clause claim for failure to state a claim. *See Murray v. City of Austin*, 947 F.2d 147, 152 (5th Cir. 1991). Section 42.09, on its face, has the secular purpose of providing for humane treatment of animals. The primary effect of the statute neither advances not inhibits religious doctrine -- rather, the primary effect is to protect animals. The statute does not contain provisions leading to excessive government entanglement

in religion.  The district court did not err by dismissing Hastey's Establishment Clause claim for failure to state a claim. *Id*. at 153.

Because the district court lacked jurisdiction to address Hastey's claims under the Fourth, Fifth, Ninth, and Fourteenth Amendments, the dismissal of those claims should have operated without prejudice.  *See Cargill Ferrous Intern. v. SEA PHOENIX MV*, 325 F.3d 695, 705 (5th Cir. 2003).  Finally, because the district court denied Hastey's motion for leave to amend after Hastey already had filed his notice of appeal, we lack jurisdiction to address whether the district court erred by denying the motion.  *See United States v. Carr*, 979 F.2d 51, 55 (5th Cir. 1992).

AFFIRMED AS MODIFIED.  MOTION FOR LEAVE TO AMEND DENIED. MOTION TO SUSPEND LAWS DENIED.