United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40743
Summary Calendar

_____

RONNIE JAMES SAMPLE,

Plaintiff-Appellant,

versus

BRIAN RODEEN, Warden; REGINALD STANLEY, DR, Doctor at Telford
Unit; STANLEY MELVIN, Major; BRIAN SIMMONS, Correctional
Officer III at Telford Unit; FRANCHESTA BROWN, Correctional
Officer III at Telford Unit; DANA BROWN, Correctional Officer III
at Telford Unit; STEPHAN AUSTIN, Correctional Officer III at
Telford Unit; JIMMY PAYNES, Correctional Officer III at Telford
Unit; JEFFERY CATOE, Lieutenant at Telford Unit; ANTHONY GURLEY,
Sergeant at Telford Unit; DANIEL GREENLE, Correctional Officer
III at Telford Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-292
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronnie James Sample, Texas prisoner number 558300, appeals

from the district court's order granting summary judgment to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants in his 42 U.S.C. § 1983 suit.  After a <u>de novo</u> review of the record, we affirm.

Sample argues that Dr. Reginald Stanley was deliberately indifferent to his serious medical needs by removing a ground floor housing restriction without conducting a physical examination.  Sample subsequently fell down a flight of stairs after being placed in a second-floor cell.  Sample argues that defendants Simmons, Franchesta Brown, and Greenle were deliberately indifferent to his medical needs by disregarding a risk that he might fall and failing to assist him down the stairs.  He further argues that defendants Dana Brown, Austin, and Payne were deliberately indifferent before the fall when they ignored his claims that his housing assignment in a second-floor cell was erroneous.  We conclude that Sample has not shown the defendants acted with subjective recklessness or that they were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Sample argues that defendants Rodeen, Melvin, Catoe, and Gurley failed to properly train correctional officers and also maintained a policy or custom of not permitting officers to contact superiors with inmate complaints.  Sample's failure-to-train claim is raised for the first time on appeal and may not be considered.  <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).  His claim concerning an improper

policy is conclusional and insufficient to survive summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Sample has not briefed his claim raised in the district court concerning alleged excessive force by defendant Simmons, and that claim is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Sample's motion to compel is DENIED.

AFFIRMED.  MOTION DENIED.