United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51320
Summary Calendar

JOHN T. JOSEY,

Plaintiff-Appellant,

versus

BELL COUNTY TEXAS; PUBLIC OFFICERS OF THE BELL COUNTY
DISTRICT ATTORNEY'S OFFICE; BELL COUNTY DISTRICT ATTORNEY'S
OFFICE; BELL COUNTY ATTORNEY'S OFFICE; RICK MILLER;
ROBERT NARROW, County Attorney's Investigator;
FRANK THROWER; MIGUEL JOHNSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-63

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

John T. Josey, a Texas resident and former pre-trial detainee, appeals the dismissal of his 42 U.S.C. § 1983 civil rights suit as frivolous, pursuant to 28 U.S.C. § 1915A(b). The district court determined that Josey's allegations were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Josey alleged in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint that various defendants violated his Fourth Amendment rights and subjected him to malicious prosecution, by illegally searching and seizing a pick-up truck belonging to his mother and by arresting and incarcerating Josey. Josey now admits that he subsequently pleaded guilty to a charge of possession of methamphetamine.

Josey does not argue that the Heck bar does not apply. He has thus effectively waived any contention regarding the legal basis for the district court's dismissal of his complaint. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987). Josey does argue that he was denied his right to a speedy trial, that his criminal defense attorneys made mistakes, and that he was denied access to legal and writing materials. We will not address these claims, which were either not raised in the district court or set forth inadequately. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The district court did not err in dismissing Josey's complaint pursuant to 42 U.S.C. § 1915A(b), see Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998), and the judgment of the district court is AFFIRMED.

Josey's March 2, 2004, motion to supplement the record on appeal is DENIED.

**AFFIRMED; MOTION DENIED.**