United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40212
Summary Calendar
_____

JAY GRIFFITH,

                                        Plaintiff-Appellant,

versus

JONATHAN PERKINS, in his official capacity;
CITY OF SANGER TEXAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CV-292
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jay Griffith was issued a speeding ticket by Jonathan

Perkins, a police officer for the City of Sanger, Texas (the

City).  Griffith filed suit against Perkins and the City alleging

that Perkins violated his constitutional rights by acting as a

police officer without having filed the necessary oath of office

with the Secretary of State of Texas.  The district court

dismissed the claims against Perkins, granted summary judgment in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of the City, and awarded the City attorney's fees pursuant to 42 U.S.C. § 1988.  Griffith contests that award.

The district court granted summary judgment against Griffith because he failed to present a prima facie case.  Griffith's appeal of the summary judgment was dismissed for failure to prosecute.  Griffith v. Perkins, No. 03-41040 (5th Cir. Nov. 4, 2003) (unpublished)  The district court did not abuse its discretion in awarding attorney's fees to the City because Griffith failed to present a prima facie case of liability by the City.  See Myers v. City of West Monroe, 211 F.3d 289, 293 (5th Cir. 2000).

Griffith argues that the district court made an evidentiary error in awarding attorney's fees because the fee information was not submitted by a valid affidavit.  This claim is raised for the first time on appeal and will not be considered.  Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The ruling of the district court is AFFIRMED.