United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41185
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REGINALD WAYNE BASSETT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CR-72-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Reginald Wayne Bassett, federal prisoner # 06752-078,
appeals the denial of his motion to reduce the sentence imposed
for his conviction of being a felon in possession of a firearm.
See 18 U.S.C. §§ 922(g)(1), 924(e).  The motion argued that
Amendments 591 and 599 to the United States Sentencing Guidelines
apply retroactively to and authorize a reduction in his sentence
and that his sentence should be reduced because he did not plead
guilty to the sentencing enhancement set forth in § 924(e).

-------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Abandoning the arguments originally presented in his motion, Bassett seeks on appeal to raise two claims that were not presented before the district court: (1) that prior to sentencing Bassett, the district court failed to address Bassett's objection to the presentence report and (2) that Bassett's trial counsel was ineffective because he did not voice the objection at the sentencing hearing, did not object to the district court's failure to address the objection, and did not assert a direct appeal concerning the issue.

While Bassett's motion for reduction of sentence is characterized as a motion pursuant to FED. R. CRIM. P. 35 and contains arguments based on 18 U.S.C. § 3582(c)(2), neither of those provisions is a proper vehicle for raising the claims Bassett seeks to assert for the first time on appeal. See § 3582(c)(2); Rule 35. In addition, "[t]his court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances," which do not exist here. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Because Bassett has abandoned his original arguments and his new arguments are not properly before this court on appeal, the judgment of the district court is AFFIRMED.