# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-30468
Summary Calendar

LEON WHITFIELD; MARY WHITFIELD

Plaintiffs-Appellants

v.

COUNTRYWIDE HOME LOANS INC; FIDELITY NATIONAL INSURANCE COMPANY

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-4166

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Leon Whitfield and Mary Whitfield appeal from the district court's grant of summary judgment in favor of the defendants. Reviewing the district court's judgment de novo, we affirm. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994) (en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1994, the Whitfields purchased real property located in New Orleans with a loan from defendant Countrywide Home Loans, Inc. Since that time, they have maintained flood insurance on the property by purchasing a Standard Flood Insurance Policy (SFIP) with a coverage limit of $33,000. In June 2003, the Whitfields refinanced their home through Countrywide and, as part of the refinancing, purchased a new SFIP with an increased coverage limit of $133,000 and a policy term from May 30, 2003, to May 30, 2004. Through some oversight, the original $33,000 policy was never cancelled. The $33,000 policy and the $133,000 policy were initially issued by two separate companies, but defendant Fidelity National Insurance Company subsequently acquired those companies' books of SFIPs.

When the Whitfields acquired the second SFIP (the $133,000 policy), their insurance agent apparently did not identify on the insurance application who was responsible for payment of the premium, and the Whitfields were therefore designated as the payors on the policy declaration page. On at least two separate occasions in 2004, Fidelity sent renewal notices for the $133,000 policy directly to the Whitfields. The Whitfields contacted Countrywide about their insurance coverage, but they never sent the renewal notices to Countrywide for payment, as required under the terms of their mortgage contract. Meanwhile, Fidelity sent a renewal notice for the $33,000 policy to Countrywide, which had been designated as the payor on that policy, and Countrywide paid the premium. Because no premium was ever paid to renew the $133,000 policy, coverage on that policy lapsed on May 30, 2004. Over one year later, Hurricane Katrina damaged the Whitfields' home when it struck New Orleans on August 29, 2005. The only policy in effect at that time was the $33,000 policy, and Fidelity paid the Whitfields the coverage limits for that policy.

The Whitfields sued Countrywide, Fidelity, and their insurance agent, alleging claims for breach of contract and negligence because they did not have

adequate flood insurance coverage at the time of the hurricane. The district court granted summary judgment to Countrywide and Fidelity because it concluded that they had breached no duty to the Whitfields, and it entered judgment pursuant to FED. R. CIV. P. 54(b).

Proceeding pro se, the Whitfields argue that Countrywide and Fidelity are both liable under theories of breach of contract, negligence, and breach of a fiduciary duty because of the defendants' failure to acquire and maintain adequate flood insurance on their property. They argue that Countrywide committed clerical errors that resulted in a mixup of their two flood policies and the cancellation of the $133,000 policy. They also argue that Fidelity negligently managed the requirements of the National Flood Insurance Program. The Whitfields' arguments are contrary to the uncontroverted facts in the record.

The Whitfields' mortgage contract placed the affirmative duty on the borrowers to maintain insurance on the property against loss. A "Hazard Insurance Requirements" agreement specifically required the borrowers to give the lender all renewal notices or receipts for paid premiums. Further, it expressly provided that the Whitfields were responsible for ensuring that the insurance company send a bill to the lender at least 30 days prior to the renewal date. It is undisputed that Fidelity sent renewal notices directly to the Whitfields on March 31, 2004, and on May 17, 2004, but the Whitfields never sent the notices to Countrywide. The undisputed summary judgment evidence also showed that Countrywide paid the insurance premium for the only policy for which it received a bill and that Countrywide would have paid the premium on the $133,000 policy had it received the renewal notice even if such payment resulted in a negative escrow balance. The Whitfields fail to show a disputed issue of fact that Countrywide had a duty to obtain insurance or pay a premium without a bill or renewal notice. Examination of the record fails to show a duty by Countrywide resulting in negligence or breach of contract. See Little, 37 F.3d

at 1075–76.   Furthermore, the relationship between the Whitfields and Countrywide was governed by the mortgage contract, and the Whitfields fail to identify a writing which, in light of the contractual terms, shows that Countrywide failed any fiduciary obligations.  See LA REV. STAT. ANN. § 6:1124.

Similarly, Fidelity sent the renewal notices for the $133,000 policy to the Whitfields because no one else was designated as a payor of the premiums. There is no showing of a genuine issue of material fact that Fidelity breached any contractual provisions or was negligent in sending the policy renewal notices.

The Whitfields present several theories of relief for the first time on appeal.  They assert, for example, that the defendants breached an implied covenant of good faith and fair dealing, conspired to deny them benefits, acted with actual malice, and breached an escrow agreement.  New legal theories are not considered for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The district court's judgment is AFFIRMED.