# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2011

No. 10-60722
Summary Calendar

Lyle W. Cayce
Clerk

CARL R. BRANDON,

Plaintiff-Appellant

v.

FRANK DAVIS, Sheriff; BOARD OF SUPERVISORS; MARVIN LUCAS; JOE
DOTSON; LEE CURTIS YOUNG; CARL HILL; BOBBY R. CLAIBORNE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-35

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carl R. Brandon, Mississippi prisoner # 130780, appeals the district court's grant of the defendants' motion for summary judgment and its concomitant dismissal, for want of exhaustion, of the 42 U.S.C. § 1983 suit that he filed to challenge the living conditions to which he was subjected as a pretrial detainee. In his brief to this court, Brandon insists that he exhausted his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies, and he also argues that application of the Prison Litigation Reform Act (PLRA) infringes his right of access to courts.

This court reviews a grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The PLRA requires exhaustion of such administrative remedies as are available." *Jones v. Bock,* 549 U.S. 199, 217 (2007) (internal quotation marks and citation omitted).

Our review of the record and Brandon's arguments shows that he has failed to establish compliance with the procedural rules of the grievance process adopted by the Claiborne County Jail. He has likewise failed to show error in connection with the district court's judgment. We decline to consider Brandon's access to courts claim because it is raised for the first time in this appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342-43 (5th Cir. 1999).

AFFIRMED.