# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2013

Lyle W. Cayce
Clerk

No. 12-30644
Summary Calendar

KYIDE TOLBERT,

Plaintiff-Appellant

v.

JAMES M. LEBLANC; TONIA RACHAL; C.A. LOWE, JR.,,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-2034

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kyide Tolbert, Louisiana prisoner # 306899, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. Tolbert contends that he suffered damages due to a miscalculation of his sentence that failed to give him two years of credit for an expired sentence for armed robbery. The error was corrected before Tolbert filed this action.

Tolbert fails to address and thus abandons any challenge to the district court's reasons for dismissal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1993) (issues not briefed are abandoned).  And we need not consider Tolbert's double claims of jeopardy and the denial of procedural due process because he raises them for the first time on appeal.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Thus, while Tolbert argues to excess about the entirely uncontested fact that his sentence was temporarily miscalculated, he fails to allege any fact that would establish that the error caused him any injury or deprivation of a protected liberty interest.  *See Murray v. Earle*, 405 F. 3d 278, 290 (5th Cir. 2005) (noting that § 1983 requires a showing of proximate causation); *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) (noting that a plaintiff must show that the defendant's action resulted in a deprivation of a protected interest).  Tolbert simply assumes that the error itself entitles him to damages.  The judgment of the district court is AFFIRMED.