# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

No. 14-50183
Summary Calendar

Lyle W. Cayce
Clerk

DAVID GREMAR; LORINDA INNOCENCIO,

Plaintiffs-Appellants

v.

BEXAR COUNTY, TEXAS,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-434

Before CLEMENT, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants, David Gremar and Lorinda Innocencio, appeal the district court's grant of summary judgment in favor of Defendant-Appellee Bexar County, Texas (the "County"). For the reasons explained, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50183

## STATEMENT OF FACTS

Appellants worked for the Bexar County Constables' office. After $1,000 disappeared from a safe in a precinct office, they were charged with stealing the funds. The charges were later dismissed. Appellants filed a state-law malicious prosecution claim ("state-law claim") against the County in Texas court. After the court dismissed the state-law claim on state sovereign immunity grounds, Appellants amended their complaint to state a claim under 42 U.S.C. § 1983. The County removed the case to federal court.

The County moved for summary judgment, arguing that Appellants failed to adduce evidence that a County custom or policy caused their alleged injuries. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that local government may not be sued under § 1983 unless government's custom or policy leads to alleged injury). The County also maintained that Appellants had alleged a freestanding malicious prosecution action, which cannot serve as the basis for a § 1983 claim. Appellants contended that they did not have to allege the existence of a custom or policy in order to state a claim for malicious prosecution under § 1983, and that the Fifth Circuit recognizes a freestanding malicious prosecution action. The district court found that Appellants had failed to adduce any evidence of a County custom or policy and granted the County's motion for summary judgment.[1] Appellants appeal the district court's order granting summary judgment for the County.

---

[1] Appellants also filed a motion for a new trial, which the district court construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). The court once again held that Appellants failed to adduce any evidence of a County custom or policy and denied the motion.

No. 14-50183

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). Summary judgment is appropriate when the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Id.* We view the facts in the light most favorable to the non-moving party. *Id.* We may affirm summary judgment on any basis raised below and supported by the record. *Id.*

## DISCUSSION

Appellants argue that after *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc), they are not required to show that a County custom or policy caused their alleged injuries. Thus they argue that the district court erred by requiring them to adduce evidence of a custom or policy to avoid summary judgment.

We reject this argument. Appellants misread *Castellano*, which makes it clear that there is no such thing as a freestanding malicious prosecution claim under § 1983. *See id.* at 942 ("We decide that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."). More importantly, this court does not have the authority to ignore either Congress's or the Supreme Court's instruction that municipalities are not liable under § 1983 unless "official policy [i]s the moving force of the constitutional violation." *Monell*, 436 U.S. at 694. Until Congress amends § 1983 or the Supreme Court overturns *Monell*, every plaintiff who seeks to hold a municipality liable under § 1983 must show that

No. 14-50183

the municipality's "*own* illegal acts" caused the alleged injury. *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).

Appellants also contend that the district court improperly dismissed their state-law claim and urge the court to remand for trial on this claim. Appellants fail to adduce any evidence that they pressed a state-law claim before the district court. Appellants also fail to respond to the County's record citations, which suggest that Appellants did not press the state-law claim below. Because Appellants raise the state-law claim for the first time on appeal, we will not consider it here. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

## CONCLUSION

For the reasons explained, the judgment of the district court is AFFIRMED.

4