# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11667
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2017

Lyle W. Cayce
Clerk

BOB AHMADI, also known as Robert Abraham Kennedy,

Plaintiff-Appellant

v.

SERGEANT  JONES; KATIE WOODS, Tarrant County Assistant District Attorney; GEORGE V. MACKEY; BRIAN DOWNEY, #327 Lakeside Police Officer; DEPUTY BROWN; DEPUTY  WHITE; DEPUTY  TYLER; DEPUTY  MARTINEZ; DEPUTY SANCHEZ; DOCTOR  TEA; DETECTIVE  MENDOZA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-730

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bob Ahmadi, Texas prisoner # 624218, also known as Robert Abraham Kennedy, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that he suffered numerous constitutional violations while detained at a jail facility in Tarrant County.  The district court dismissed the complaint as frivolous and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11667

for failure to state a claim, reasoning that some defendants could not be liable under § 1983 and that other claims were untimely or barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

On appeal, Ahmadi attempts to raise new claims against defendants not named in his superseding First Amended Complaint. We do not consider these because they are made for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Ahmadi fails to preserve some of his other claims by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He fails to challenge the district court's ruling that defendant Katie Woods was acting as a prosecutor and is absolutely immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) (setting forth the doctrine of prosecutorial immunity); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue). Similarly, Ahmadi fails to contest the ruling that claims against defendant Jones are untimely and that claims against defendant detective Mendoza are barred by *Heck* because they necessarily impugn the validity of the criminal conviction for which Ahmadi is imprisoned. *See Heck*, 512 U.S. at 486-87; *Brinkmann*, 813 F.2d at 748.

The judgment is AFFIRMED.