# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31170

PATRICK DEWAYNE DYAS,

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2020

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

KEITH DEVILLE, WARDEN, WINN CORRECTIONAL CENTER,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-1494

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Patrick Dewayne Dyas, Louisiana prisoner # 450973, was convicted by a jury in 2008 of obstruction of justice and was sentenced as a second felony offender to 40 years of imprisonment. He seeks a certificate of appealability (COA) to appeal the denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as time barred.

The Supreme Court has held that actual innocence, if proven, serves as a gateway through which a prisoner may raise § 2254 claims despite expiration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31170

of the applicable limitations period under 28 U.S.C. § 2244(d).  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  However, the Court reiterated that tenable actual innocence claims are rare because the applicant "'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Dyas argues that he is actually innocent of the crime of obstruction of justice and should not be precluded from raising his claims by the statute of limitations.  He relies upon the actual innocence gateway approved by *McQuiggin* to overcome the time bar.  The federal claims that Dyas seeks to raise are dependent on the state's interpretation of its own law of obstruction of justice.  "Under § 2254, federal habeas courts sit to review state court misapplications of *federal* law.  A federal court lacks authority to rule that a state court incorrectly interpreted its own law."  *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) (italics in original).

Because Dyas has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), his motion for a COA is DENIED.

Finally, Dyas contends that the district court erred by denying his § 2254 application without conducting an evidentiary hearing.  He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue we construe his COA request "as a direct appeal from the denial of an evidentiary hearing."  *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).  Dyas did not file a motion or make a request for an evidentiary hearing in the district court, nor did he complain of the lack of a hearing.  Because Dyas's argument concerning the lack of an evidentiary

No. 18-31170

hearing is raised for the first time on appeal, we will not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."). The district court's judgment is AFFIRMED in part as to the lack of an evidentiary hearing.