# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-30163
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob W. Barron,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CR-292-1

—————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jacob Barron appeals his convictions for possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a), and for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He challenges the district court's denial of his motion to suppress

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the evidence found as a result of the warrantless search of his home and vehicle.

On appeal from the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and the ultimate constitutionality of the actions by law enforcement *de novo*. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008) (internal quotation marks and citation omitted). The evidence is viewed in the light most favorable to the prevailing party—here, the Government. *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021). The district court's ruling will be upheld "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

The record shows that, as a term of his probation resulting from a 2020 Louisiana state conviction for possession with the intent to distribute methamphetamine, Barron agreed to submit to warrantless searches of his home and vehicles if probation officers reasonably suspected him of criminal activity. Viewing the evidence in the light most favorable to the Government, the district court did not clearly err in finding that the probation officers had a reasonable suspicion of criminal activity justifying the search at issue here. *See United States v. Knights*, 534 U.S. 112, 118-21 (2001); *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probation Officer Datha Bustard testified that she received credible information from Sargent Stephen Cloessner of the Rapides Parish Sheriff's Office (RPSO), who had regularly supplied her with reliable information about probationers and parolees, that Barron was selling methamphetamine from his residence and was believed to be in possession of a pound of methamphetamine. As the district court found, Bustard was independently aware that Barron was on probation for the same offense

conduct and was unemployed. Under a totality of the circumstances, the probation officers reasonably believed a search to be necessary to the performance of their duties. *See Griffin v. Wisconsin*, 483 U.S. 868, 879 (1987); *United States v. Williams*, 880 F.3d 713, 719–20 (5th Cir. 2018).

Significantly, Barron does not assert that the probation officers in his case lacked reasonable suspicion for a probation-compliance search. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (explaining that arguments must be briefed to be preserved). To the extent that Barron implicitly argues that the probation officers were prohibited from basing their suspicion on a tip from another law enforcement agency that he was engaged in drug trafficking, such argument is without merit. *See Griffin*, 483 U.S. at 879-80; *Williams*, 880 F.3d at 720.

Barron's primary argument is that, under Louisiana law, the compliance search by the probation officers was a prohibited subterfuge for an ongoing narcotics investigation by the RPSO, which had initiated the probation search after failing to secure probable cause for a search warrant. However, as the Government correctly points out, in determining the admissibility of evidence in federal court, a violation of state law in obtaining such evidence is irrelevant. *See United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992); *see also California v. Greenwood*, 486 U.S. 35, 43 (1988). Furthermore, an individual officer's subjective motive is irrelevant under the Fourth Amendment. *See Brigham City v. Stuart*, 547 U.S. 398, 404 (2006). In any event, even if we were to consider whether the probation officers' search violated Louisiana law, Barron has not shown that the district court's finding of no subterfuge was clearly erroneous. *See State v. Wesley*, 685 So. 2d 1169, 1175 (La. Ct. App. 1996) (holding parole officers' search was not a subterfuge when it was based on a tip from an officer that the defendant had been seen at his residence with known felons and drug users); *State v. Shrader*, 593 So. 2d 457, 460 (La. Ct. App. 1992) (holding parole officer's

search was not a subterfuge when the defendant had a previous drug-related conviction, the defendant was not observed working, and there were reports from local law enforcement that the defendant was involved in illegal activities).

Finally, Barron did not raise in the district court his additional argument that the probation officers exceeded the purpose of their compliance search by contacting RPSO after finding evidence of probation violations in the district court. Inasmuch as Barron now seeks to raise a new theory of relief on appeal, i.e., that the probation officers had reasonable suspicion and were authorized to conduct a compliance check at the outset but then exceeded their authority by seeking outside assistance for a more thorough search, this argument is not properly before us. *See, e.g.*, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341–42 (5th Cir. 1999) (holding that a party may not present a new theory for relief on appeal); *Yohey*, 985 F.2d at 225 (stating that, as a general rule, the court will not consider issues not raised in the district court and declining to consider new claims for relief).

In sum, the district court did not err in denying the motion to suppress. *See Knights*, 534 U.S. at 118–21; *see also Michelletti*, 13 F.3d at 841. The judgment of conviction is therefore AFFIRMED.