# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-40230
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2024

Lyle W. Cayce
Clerk

Michael Crawford,

*Plaintiff—Appellant*,

*versus*

Jeanette Harden, Mental Health Clinician,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-20

————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Michael Crawford, a state inmate proceeding *pro se*, appeals from the district court's grant of summary judgment to Jeanette Harden, a mental health clinician who served the prison to which Crawford was and is confined. Crawford alleges that Harden was deliberately indifferent to his

————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-40230

serious medical needs when she ordered that he be returned to the general prison population after his first suicide attempt on April 17, 2019, resulting in another suicide attempt later that day.

A defendant violates a clearly established right under the Eighth Amendment when the defendant acts with deliberate indifference to a prisoner's serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 & n.13 (5th Cir. 2006). The undisputed facts show that Harden conducted assessments on Crawford following his first suicide attempt and subsequent suicide threats and that she determined that Crawford's suicide threats were disingenuous. Under our case law, these facts do not support a conclusion that Harden acted with deliberate indifference to Crawford's serious medical needs. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752 (5th Cir. 2001); *Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016). The district court thus did not err by granting Harden summary judgment.

To the extent Crawford attempts to assert new claims for the first time on appeal, we refuse to consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.