# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-20445
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2025

Lyle W. Cayce
Clerk

John Sparks,

*Plaintiff—Appellant*,

*versus*

Brian Smith, *Warden*; Tammy Mitchell; Greg Abbott, *Governor of the State of Texas*; State of Texas; Texas Department of Criminal Justice, Region 1,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1118

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Per Curiam:[*]

John Sparks, Texas prisoner # 02372631, filed a 42 U.S.C. § 1983 suit in which he raised claims concerning his treatment and the conditions at the Texas Department of Criminal Justice's Holliday Unit. Sparks contended that he was being harassed, threatened, and intimidated, he was targeted for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

mistreatment in retaliation for his attempts to report the conditions in the unit, and his complaints about the unit were disregarded. The district court dismissed the suit as frivolous and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

On appeal, Sparks does not meaningfully discuss or assert a challenge to the district court's reasons for determining that his complaint was subject to dismissal as frivolous and for failure to state a claim for relief. Because he has failed to contest the bases on which his complaint was dismissed, he has abandoned any claim as to the district court's disposition of his § 1983 suit. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He otherwise has not identified or shown that the district court erred in concluding that his allegations did not state a claim for relief under § 1983.

Sparks also repeats allegations that he initially presented in a putative motion to intervene that the district court denied. He does not challenge the disposition of the motion or argue that the motion was wrongly or improperly denied. Thus, he has abandoned any claim related to that motion, *see Yohey*, 985 F.2d at 224-25, and we need not review claims that the district court did not consider, *see Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Finally, Sparks argues for the first time on appeal that he experienced retaliation after his transfer from the Holliday Unit. We need not review this newly asserted claim. *See id.*

Accordingly, the judgment of the district court is AFFIRMED. Sparks's motions for the performance of a magnetic resonance imaging examination and for the appointment of counsel are DENIED.

The district court's dismissal of the complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Sparks is WARNED that if he accrues three strikes under

No. 23-20445

§ 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).