United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
for the Fifth Circuit

No. 06-60673

SHELTER INSURANCE COMPANY and BARBARA STEWART,

Plaintiffs-Appellants,

VERSUS

MERCEDES-BENZ USA, LLC,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

(1:03-CV-592)

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Shelter Insurance Company and Barbara
Stewart (collectively "Appellants") challenge the district court's
directed verdict in favor of Mercedes-Benz USA, LLC ("Mercedes
USA") dismissing Appellants' manufacturing defect claim. The sole
issue on appeal is whether the district court correctly concluded
that Appellants failed to establish an essential element of their

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim under Miss. Code Ann. § 11-1-63; specifically, that Stewart's Mercedes "was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications." MISS. CODE ANN. § 11-1-63(a)(i)1.

In September 2001, Stewart bought a new, 2002 C240 Mercedes. On November 21, 2001, she left her home and drove the car to a shopping mall. Stewart returned home and parked the Mercedes in her garage, and then took a nap with her daughter. When her daughter woke up, she noticed smoke coming from the garage. Stewart investigated and found the garage ablaze. The fire burned Stewart's Mercedes, garage, and parts of her home and its contents. Shelter Insurance Company, Stewart's insurer, paid for the damage.

The parties disagree on most of the rest, including where in the garage the fire started and what caused it. Appellants' theory is that the fire started in the engine of Stewart's Mercedes and was caused by a defectively manufactured car battery. Mercedes USA's theory, on the other hand, is that the fire started in a trash can right next to the Mercedes and was caused by burning debris in the trash can, which Stewart had thrown away earlier that day after cleaning out her fireplace.

Appellants sued Mercedes USA alleging various Mississippi state law causes of action, including (1) traditional negligence, (2) negligence based on *res ipsa loquitur* and (3) strict liability.

Regarding strict liability, Appellants pointed to Miss. Code Ann. § 11-1-63 and its broad range of product liability theories: (1) manufacturing defect, (2) inadequate warning, (3) design defect and (4) breach of warranty. *See id.* at § 11-1-63(a)(i)1-4.

Mercedes USA moved for summary judgment. The district court denied the motion, and the case proceeded to trial. With each of their approximately seven theories of liability still in play, Appellants presented their case-in-chief to the jury. At the close of Appellants' case-in-chief, Mercedes USA moved for a directed verdict. Appellants responded to the motion by abandoning each of their claims except their strict liability claim based on an alleged manufacturing defect in the car battery. Appellants conceded that they failed to prove negligence under any theory or strict liability via inadequate warning, design defect, or breach of warranty. Thus, their remaining theory was manufacturing defect--that Stewart's Mercedes, specifically its battery, was defectively manufactured and caused the fire.

With only the manufacturing defect claim remaining, the district court heard argument from both sides, asked questions regarding the record evidence as applied to Mississippi's statutory requirements for manufacturing defect claims, and made a decision. The court ultimately held that Appellants failed to prove an essential element of their manufacturing defect claim; specifically, they failed to prove that the car battery "deviated

3

in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications." *Id.* at § 11-1-63(a)(i)1. Thus, the court granted Mercedes USA's motion for a directed verdict and dismissed Appellants' claims.

Appellants moved to amend the judgment, the district court denied the motion, and Appellants timely filed a notice of appeal.

The parties agree on the following: First, the only claim before us on appeal is Appellants' strict product liability claim based on an alleged manufacturing defect in Stewart's car battery. Second, the claim is governed by Miss. Code Ann. § 11-1-63(a)(i)1. And third, the only record evidence relevant to the claim is that the car battery may have been the origin of the fire. Thus, in effect, the parties agree on the sole issue, what law governs that issue, and the existence of one and only one piece of evidence relevant to that issue. Of course, the parties disagree on whether this one piece of evidence is itself sufficient to let a jury decide the issue. Our review is *de novo*. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341 (5th Cir. 1999).

As the parties note, Miss. Code Ann. § 11-1-63 provides that in an action for damages allegedly caused by a defectively manufactured product:

> (a) The manufacturer or the seller of the product shall not be liable if the claimant does not prove by a preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

4

> (i)1. The product was defective because it *deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications . . . .*

*Id.* at § 11-1-63(a)(i)1 (emphasis added).

The district court concluded that Appellants offered *no evidence* relating to the italicized requirement, i.e., that Stewart's battery *deviated in a material way* from specs or a properly constructed, 2002 Mercedes C240 car battery. The court found it troubling that Appellants failed to enter into evidence even the manufacturer's specifications for such a battery, and similarly failed to offer evidence of otherwise identical units. As a result, the court decided that Appellants necessarily failed to show that the battery in Stewart's Mercedes deviated in any way, much less deviated in a material way, from the manufacturer's specifications or otherwise identical units.

Appellants really do not contend otherwise. Rather, they argue that the single fact that the battery caught fire necessarily proves that the battery was defectively manufactured. That this is Appellants' sole argument is clear from the trial transcript, which is consistent with Appellants' appeal brief:

> THE COURT: All right. How did [Stewart's battery] deviate from the manufacturer's specification[s]? What proof is in the record?
>
> MR. KEMP [APPELLANTS' COUNSEL]: Well, it burned.
>
> THE COURT: Okay.

5

> MR. KEMP: . . . . This vehicle burned. Because it burned, it deviated from the manufacturer's specifications.
>
> THE COURT: And that's your argument?
>
> MR. KEMP: That is one of my arguments. There are other arguments . . . . Do you want me to make them?
>
> THE COURT: No. I want to know what facts you have established.
>
> MR. KEMP: What facts have I established? Number 1 --
>
> THE COURT: That show that [Stewart's battery] deviated, in a material way, from the manufacturer's specs.
>
> MR. KEMP: The biggest fact off all is the fact that it burned [Stewart's] house down.

The court again asked Appellants to specify what evidence they had introduced to prove that the battery deviated from specifications or otherwise identical units. Appellants responded: "That [the battery has] a fuse system on it; that it should work if there's an electrical fault at or near the battery . . . . And, certainly, if that fuse system doesn't work, it deviates from the manufacturer's specifications."

The court and Appellants continued back and forth on this same point, but got nowhere. The court asked again: "[Y]ou are now saying [Stewart's battery was] defective because it deviated . . . from the manufacturer's specifications; is that correct?" Appellants responded: "[Y]es, Your Honor, because it burned."

For the reasons stated by the district court in its oral ruling, we AFFIRM. We need look no further than the plain language of the Mississippi statute. Appellants were required to prove that

the battery *deviated*. *See id.* at § 11-1-63(a)(i)1. They failed to even attempt to do so. Rather, they attempted to prove only that the battery malfunctioned. As a result, they necessarily failed to prove an essential element of their claim.

AFFIRMED.