*414 PER CURIAM: *
In this interlocutory appeal certified by the district court pursuant to 28 U.S.C. § 1292, the issue is whether Plaintiff-Appellee Liney Ryes is an independent contractor of Defendant-Appellee Scout Transportation Services, Inc., or whether he is an independent contractor of Defendant-Appellee Phillip Boudreaux. The answer affects Ryes’s eligibility for benefits under an accident and disability policy issued by Defendant-Appellant BCS Insurance Company. Applying Louisiana law, the district court held that Ryes was an independent contractor of both Scout and Boudreaux.[1] We AFFIRM.
There is no dispute that Boudreaux agreed in writing as an independent contractor to lease a truck to Scout. That contract also provided that Boudreaux would provide drivers. Boudreaux in turn orally agreed with Ryes that Ryes would drive the truck for Scout and would be paid a percentage of earnings that Scout paid to Boudreaux. BCS contends that the agreement between Boudreaux and Scout establishes that Ryes was an independent contractor of Boudreaux only, and that Ryes could not at the same time be an independent contractor of Scout. But we do not view the contract between Scout and Boudreaux to control the relationship between Scout and Ryes. After reviewing the relevant documents in the record and the deposition testimony of the parties, and considering the somewhat unusual tripartite relationship present here, we conclude that Ryes was an independent contractor of both Scout and Boudreaux.
The independent contractor employment status is determined on a case by case basis in light of the entire record. See Tate v. Progressive Sec. Ins. Co., 4 So.3d 915, 916 (La.Ct.App.2009); Kibodeaux v. Progressive Ins. Co., 4 So.3d 222, 225-26 (La.Ct.App.2009). Courts will consider whether:
(1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Kibodeaux, 4 So.3d at 225-26; see also Hickman v. S. Pac. Transp. Co., 262 La. 102, 262 So.2d 385, 390-91 (1972).
The record here shows that in addition to his oral agreement with Boudreaux, Ryes entered into an agreement to drive for Scout and represent Scout in the hauling and delivery of freight. Ryes filled out an extensive employment application packet with Scout in order to comply with Scout’s requirements, underwent a physical examination paid for by Scout, and also executed a Driver Contractual Service Agreement with Scout. The Service Agreement, which referred to Ryes as a *415 “contract driver,” established that Ryes was not an employee of Scout, but the agreement was consistent with Ryes being an independent contractor. It provided that Ryes would perform certain duties and that Scout would reimburse him for certain expenses, that Ryes was responsible for his own taxes, that Scout would pay Boudreaux at fixed intervals, and that Ryes would then look to Boudreaux for his compensation. Although Scout did not compensate Ryes directly, and Boudreaux issued him a Form 1099, this was contemplated by the parties in the Service Agreement. Ryes explained that if Scout failed to pay Boudreaux he would not be paid. Ryes exercised independent control over whether and how to deliver any particular load, and Scout did not exercise control over Ryes’s methods of performing his duties. All this is consistent with Ryes and Boudreaux’s testimony and the oral agreement between them, and with Ryes being an independent contractor of Scout.
The parties’ testimony and conduct show that the parties viewed Ryes as a contractor of Scout. Scout’s president testified that Scout was ultimately responsible for the hiring and firing of drivers for its leased trucks. He explained that although Boudreaux could also fire Ryes, Scout could continue to use Ryes as a driver on another truck if that happened. Bou-dreaux testified that Ryes was not his employee and that all necessary employment forms were done through Scout. Ryes testified that his oral agreement with Boudreaux was a deal that “would let [him] lease the truck on with Scout.” When Scout applied for the BCS accident and disability policy, it listed Ryes by name on the self-administered premium statement as a covered driver. It also checked off a box asking whether drivers to be covered were independent contractors. The premium forms show that at the time Scout was applying for coverage it viewed Ryes as an independent contractor for purposes of the policy.
In the words of Scout’s president, the relationship of Scout, Boudreaux, and Ryes was “triangular.” Under this relationship, we are satisfied that Ryes had agreements with both Boudreaux and Scout that met the independent contractor test under applicable state law, and that the district court did not err.
BCS also argues that because the policy is an ERISA plan, the denial of benefits to Ryes was entitled to review under an abuse of discretion standard but that there is no showing that the district court applied this standard to the plan administrator’s decision. We decline to address this issue. This is an interlocutory appeal certified by the district court on a controlling question of law under § 1292. BCS’s argument that the district court failed to apply an abuse of discretion standard is raised for the first time on appeal. It is settled that “[a]ppellants ‘cannot attack summary judgment on appeal by raising distinct issues that were not before the district court.’ ” Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1326 (5th Cir.1991) (citation omitted); see also Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (a party generally may not raise a claim for the first time in its appellate brief). Accordingly, we decline to review this issue.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined thaL this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Scout Transportation Services, Inc. no longer operates and has no assets after discharge from Chapter 7 bankruptcy. That has no effect on this appeal because the date of the injury of Ryes and his relationship to Scout at that time is the issue here.