# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

DARRELL WAYNE HUGHES,

Plaintiff-Appellant

v.

STATE OF TEXAS, CHEROKEE COUNTY SHERIFF; CHARLES HOLCOMB; JUDGE MORRIS W. HASSELL; ATTORNEY JAMES PHOENIX,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-208

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Proceeding pro se and in forma pauperis (IFP), Darrell Wayne Hughes, Texas prisoner # 960992, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he argued that the defendants conspired against him by denying him his right to petition the government for redress of grievances through fraud, by organizing a crime against him, by denying him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40603

access to legal materials, and by fabricating the criminal charges against him in April 1983.  He also argued ineffective assistance of counsel.  The district court dismissed Hughes's claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as frivolous, and as barred by the statute of limitations.

In his appellate brief, Hughes reurges the merits of his claims but fails to address the district court's detailed analysis and dismissal of his claims.  When an appellant, like Hughes, fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Hughes's claims are therefore deemed abandoned.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hughes also argues for the first time that he has been subjected to cruel and unusual punishment.  Because we do not generally consider claims raised for the first time on appeal, we will not address this claim.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.