# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2015

Lyle W. Cayce
Clerk

No. 14-60813
Summary Calendar

DONOVAN EVANS,

Plaintiff - Appellant

v.

CITY OF MERIDIAN MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-01057

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Donovan Evans appeals the district court's judgment dismissing his case for failure to state a claim upon which relief can be granted. Because Evans has failed to plead sufficient facts to support his claim, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60813

## I. FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff–Appellant Donovan Evans filed a civil rights action, which consisted of a number of difficult-to-decipher letters, against the Meridian Police Department and several "nameless police" officials on November 13, 2013. Asserting that he was found not guilty of simple assault and "Malicious Misc.," Evans requested "3000,99.9 Trillion to Plaintiff for A Not GUI Case."[1] Although Evans filed a number of letters with the district court, he never described a specific occurrence or set of circumstances that gave rise to the instant litigation. He apparently takes exception to being arrested for, but found not guilty of, simple assault and malicious mischief. After filing his initial complaint, Evans was taken into custody on an unrelated matter and filed several letters with the district court relating to his treatment while incarcerated at the Lauderdale County Detention Facility. In its answer to Evans's complaint, Defendant–Appellee City of Meridian (the "City")[2] requested that Evans's complaint be dismissed, arguing that the complaint failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

The district court "liberally construed the Complaint and all of Evans's submissions" as a "claim . . . for false arrest under 42 U.S.C. § 1983" against the City, based on Evans's assertion that he was found not guilty of simple assault and malicious mischief.[3] Citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the district court found that "Evans's filings contain no 'factual content that allow[ed] the court to draw the reasonable inference that the defendant

---

[1] On appeal, Evans refers to the relief he seeks as "$3000,999,000 Trillion Dollars."

[2] Although Evans filed a complaint against the Meridian Police Department and several nameless police officials, the defendant is properly identified as the City of Meridian, as a city's police department is not a separate entity under Mississippi law. *See, e.g., Stewart v. Jackson Cnty.*, No. 1:07cv1270, 2008 WL 4287112, at *1 (S.D. Miss. Sept. 16, 2008).

[3] Evans references "civil rights" and "42 U.S.C. 1983" in a letter filed on June 17, 2014.

[was] liable for the misconduct alleged.'" The court further determined that Evans's allegations concerning his treatment at the Lauderdale County Detention Facility had "no bearing on his claims against the City of Meridian." Based on the dearth of factual allegations supporting Evans's claim, the district court granted the City's motion to dismiss for failure to state a claim and dismissed Evans's case without prejudice on October 28, 2014. Evans timely appealed on November 12, 2014.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate only if the complaint fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a complaint satisfies this standard, we accept all well-pleaded factual allegations as true and view those factual allegations in the light most favorable to the plaintiff. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). A complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but "it must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

No. 14-60813

## III. EVANS FAILED TO STATE A CLAIM FOR A § 1983 VIOLATION

Although Evans's complaint contains no reference to 42 U.S.C. § 1983,[4] we, like the district court, liberally construe Evans's claim as one for false arrest under § 1983.[5] In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978), the Supreme Court explained that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." It is only when the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* This court has previously explained that "[p]roof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). This court has further explained that when a plaintiff alleges false arrest as the constitutional violation supporting a § 1983 claim, "[the plaintiff] must show

---

[4] The statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[5] On appeal, Evans refers to false arrest and false imprisonment claims. His false imprisonment claim is waived since he failed to raise it in the district court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). However, assuming that this claim is not waived, our analysis of his false arrest claim applies with equal force to his false imprisonment claim.

that [the arresting officers] did not have probable cause to arrest him." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause.").

Based on the proof a plaintiff must provide to support a false arrest claim under *Monell*, *Pineda*, and *Haggerty*, we agree with the district court that Evans's filings contain no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] *Iqbal*, 556 U.S. at 678. Evans never alleged that the City had any kind of "official policy (or custom)" of arresting people without probable cause. *Pineda*, 291 F.3d at 328. Nor did he allege that any "policy maker" had "actual or constructive knowledge" of a policy of this type. *Id.* Similarly, he never alleged that he suffered the constitutional tort of false arrest as a result of any municipal custom or policy. *Id.* Even if Evans had alleged some facts that would support the inference that he was arrested as a result of a municipal policy, his filings contain nothing that suggests that the officers who arrested him did not have probable cause to do so. *See Haggerty*, 391 F.3d at 655. While Evans may have been found not guilty of the crimes for which he was arrested, this does not establish that the officers lacked probable cause to arrest him in the first place.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Given that Evans's filings lack even a "[t]hreadbare recital[] of the elements," *id.* at 678, of his claim, these filings have certainly failed to "allege enough facts to move [his] claim 'across the line from

---

[6] We agree with the district court that Evans's allegations regarding his treatment at Lauderdale County Detention Facility have no bearing on his claim against the City, and we do not address those allegations here.

conceivable to plausible.'" *Turner*, 663 F.3d at 775 (quoting *Twombly*, 550 U.S. at 570). Therefore, the district court properly dismissed this case for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.