# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2017

Lyle W. Cayce
Clerk

SONJA B. HENDERSON, on behalf of the Estate and Wrongful Death
Beneficiaries of Nolan Ryan Henderson, III (Deceased),

> Plaintiff – Appellant,

v.

WEST JACKSON STUDENT HOUSING, L.L.C., doing business as The
Palisades @ E-City; CAMPUS ADVANTAGE, INCORPORATED; ARLANDO
CLEMONS, Individually; STARVEL WILLIAMS, Individually; QUANDA
ODOM, Individually; DEWAYNE YOUNG, doing business as American's
Master Security; JOHN DOES 1-5,

> Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-332

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Sonja B. Henderson, on behalf of the estate of Nolan Ryan Henderson,
III and wrongful death beneficiaries of Nolan Henderson, has appealed from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## No. 16-60414

the district court's order dismissing her complaint for failure to state a claim and denying her motion for reconsideration. We AFFIRM.

### I.

Nolan Ryan Henderson was killed on March 25, 2012, while on the premises of an apartment complex, Palisades @ E-City. At the time of Nolan Henderson's death, Palisades was under the receivership of Campus Advantage, Inc., pursuant to an order entered by the Southern District of Mississippi in July of 2011 (Appointment Order).[1] As Receiver, Campus Advantage was authorized to manage, maintain, and operate Palisades. The Appointment Order provided that Campus Advantage had "no personal liability" "[e]xcept in the event of gross negligence, willful misconduct or actions in violation of orders of the Court." Campus Advantage's receivership over Palisades was subsequently terminated at the request of the parties by court order on November 28, 2012 (Termination Order). The Termination Order contained a clause providing that Campus Advantage "shall be fully and forever released and discharged from any and all liability as Receiver of [Palisades]."[2]

---

[1] The receivership was instituted in the context of litigation between Wells Fargo and West Jackson Student Housing, LLC—the Palisades's owner. Wells Fargo had sued West Jackson over unpaid debts.

[2] The release provides in full:

[T]he Receiver shall be fully and forever released and discharged from any and all liability as Receiver of Receivership Property. Said release and discharge shall include any and all claims, cross-claims, counterclaims, causes, damages, and actions of every kind and character, and all suits, costs, damages, expenses, compensation, and liabilities of every kind, character, and description, whether direct or indirect, known or unknown, in law or in equity, that anyone has or will have against Receiver and/or any of Receiver's agents, representatives, officers, attorneys, professionals, employees, or contractors, on account of, arising, or resulting from, or in any manner incidental to, the Receivership, Receivership Property, Receiver's possession and/or use of Receivership Property, the administration of the Receivership estate, and/or any acts or omissions of Receiver.

2

No. 16-60414

On November 12, 2013—nearly a year after Campus Advantage was terminated as Receiver over Palisades—Sonja Henderson, on behalf of the estate and wrongful death beneficiaries of Nolan Henderson, brought suit in state court against Campus Advantage, three of its employees[3] (collectively, Campus Advantage), and various other defendants, alleging that defendants had negligently failed to provide adequate security at Palisades and had negligently failed to warn of foreseeable dangers on the premises. Henderson also asserted that these alleged failures amounted to gross negligence. Campus Advantage subsequently removed the case to federal district court[4] and moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

In its motion to dismiss, Campus Advantage argued that the release in the Termination Order barred Henderson's claim. In response, Henderson offered two arguments. First, she argued that enforcing the Termination Order to bar her claim would violate procedural due process because Campus Advantage did not "mail to Plaintiffs a notice of the receivership, how to file claims against the subject property of the receivership, and date that claims would be barred." Second, Henderson argued that, because the Appointment Order exempted claims of "gross negligence" and because she alleged that Campus Advantage had been grossly negligent, the suit could proceed.

The district court granted the motion to dismiss with prejudice as to all claims against Campus Advantage and its three employees. The court first rejected Henderson's due process argument, concluding that she had not

---

[3] The employees are Arlando Clemons, Starvel Williams, and Quanda Odom.

[4] Removal was based on Campus Advantage's status as a federal court-appointed Receiver. Federal law provides that any civil action commenced against "[a]ny officer of the courts of the United States" may be removed to federal district court. 28 U.S.C. § 1442(a). The district court concluded that Campus Advantage was an officer of the court as a result of its status as a court-appointed Receiver. *See Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216 (9th Cir. 2009). Henderson agrees that removal was proper.

No. 16-60414

identified any authority mandating that Campus Advantage provide notice to non-party potential claimants regarding the receivership's creation or termination. The court then rejected Henderson's argument that the Appointment Order, rather than the subsequent Termination Order, determined the scope of Campus Advantage's liability exposure. Henderson filed a motion for reconsideration reasserting the same arguments previously made, which the district court denied.

## II.

We review a district court's motion to dismiss under Rule 12(b)(6) *de novo, U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009), and a district court's denial of a motion for reconsideration for abuse of discretion. *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995). On a motion to dismiss, we accept all well-pleaded facts as true, but "courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

We first address Henderson's claim that the district court erred in concluding that the Termination Order's release clause bars her claims against Campus Advantage. Henderson provides two arguments to support this position. First, relying on out-of-circuit precedent, Henderson argues that Campus Advantage is not entitled to judicial immunity where the receiver has acted contrary to the court's directives. Here, the Appointment Order required Campus Advantage to "take reasonable actions to ensure that it complies with

4

all laws applicable to the possession, use, occupancy, management, operation and maintenance of the Property as provided under any laws of the United States, the State of Mississippi, and otherwise . . . ." Henderson argued that Campus Advantage contravened the court's order by violating Mississippi law through the negligence alleged in the complaint. Second, Henderson argues that the district court wrongly concluded that the Termination Order, rather than the Appointment Order, determines Campus Advantage's liability.

We reject Henderson's first argument because it has been forfeited. "Generally, 'this Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances.'" *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006) (alterations omitted) (quoting *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999)). As Henderson admits, Campus Advantage relied on the doctrine of judicial immunity in its motion to dismiss. Henderson, however, never argued to the district court that judicial immunity was unavailable to Campus Advantage because it had failed to comply with the Appointment Order's directives. Nor did Henderson ever rely on 28 U.S.C. § 959. Instead, Henderson relied entirely on the portion of the Appointment Order that authorized claims for gross negligence to rebut Campus Advantage's immunity argument.

In her briefing to this court, Henderson tries to make up for her failure to brief this issue, asserting that she "clearly set forth allegations in the Amended Complaint that [Campus Advantage] . . . did not comply with the laws or standards of care of the State of Mississippi . . . ." The Appointment Order says nothing about "standards of care"; it refers only to "laws." We cannot agree that an allegation of negligence, even if sufficient facts were pleaded, plausibly states that Campus Advantage violated the "laws" of Mississippi. *Twombly*, 550 U.S. at 570. Indeed, Henderson's attempt to revise the Termination Order to include the phrase "or standards of care" confirms

our conclusion that Henderson's allegations of negligence do not plausibly allege a violation of "laws" within the meaning of the Termination Order. Thus, Henderson never argued, and did not plausibly allege, that Campus Advantage contravened the district court's Appointment Order.[5]

We also reject Henderson's argument that the district court wrongly concluded that the Termination Order, rather than the Appointment Order, determines Campus Advantage's liability. Henderson argues essentially that the Appointment Order—along with its exception for claims of gross negligence—controls because the asserted claims accrued before the Termination Order was entered.[6] But as the district court noted, Henderson has not provided any authority for the counterintuitive claim that a superseded order governs over the order that did the superseding. In her opposition to the motion to dismiss, Henderson agreed that courts have authority to define the scope of a Receiver's immunity. If a court has discretion to define a Receiver's immunity in the first instance, we see no logical reason why it may not adjust that immunity through a subsequent order. The district court did precisely that by releasing Campus Advantage "from any and all liability as Receiver of Receivership Property." Given that Henderson has offered no authority to support her position, we reject it.

Henderson argues next that the district court erred in rejecting her due process argument. As the district court noted, Henderson has provided no relevant support for the argument that Campus Advantage, as Receiver, was required to provide notice to Henderson—a non-party to the receivership

---

[5] We also note that the district court did not conclude that judicial immunity protected Campus Advantage from liability. Instead, the district court's conclusion rests entirely on its view that the Termination Order controls over the Appointment Order.

[6] Henderson does not argue that her claims could proceed if the Termination Order governs.

action—either of the existence of the receivership or its termination. The first case that Henderson relies on—*Miller v. FDIC*, 738 F.3d 836 (7th Cir. 2013)— is not a due process case and instead interprets provisions of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. *Id.* at 838, 840– 43. The second case Henderson relies on—*Garcia v. Federal Nat'l Mort. Ass'n*, 782 F.3d 736 (6th Cir. 2015)—held that Michigan's "foreclosure-by-advertisement statute's notice requirement" was consistent with due process. *Id.* at 740–42. *Garcia* has nothing to do with whether a receiver must provide notice of the existence of the receivership, its termination, or how to file claims against the receivership property. Otherwise, the only law Henderson cites merely states the general principles of procedural due process. We are therefore unpersuaded by Henderson's argument.[7]

AFFIRMED.

---

[7] Because we conclude that the district court correctly decided Henderson's due process argument, we also conclude that the district court's refusal to reconsider its decision was not an abuse of discretion.