# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11224
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

Ward Sturgis Williams,

*Plaintiff—Appellant*,

*versus*

Johnson County, Texas; Austin Reed; Thomas Gross,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1612

---

Before King, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Ward Sturgis Williams appeals the dismissal of his 42 U.S.C. § 1983 suit on the grounds that Officer Austin Reed and Sergeant Thomas Gross were entitled to qualified immunity and that he failed to state a claim against Johnson County. He argues that Officer Reed and Sergeant Gross are not entitled to qualified immunity because they did not have reasonable suspicion

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to detain him or to remove him from his vehicle and because they lacked probable cause to arrest him. Williams argues that he presented valid claims against Johnson County for violations of his Fifth, Sixth, and Fourteenth Amendment rights when he was held in a suicide cell for 20 hours because he refused to answer routine booking questions without the assistance of counsel. Finally, he argues that the district court abused its discretion by denying him discovery against the defendants because it hampered his ability to pursue his claims.

For the first time on appeal, Williams argues that the officers violated his constitutional rights in relation to taking his identification prior to his arrest and by using excessive force when conducting the pat down search. Because these claims were not raised in the district court, they will not be considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Furthermore, Williams has abandoned his claim that the officers used excessive force when removing him from his vehicle by failing to raise the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

At the time that he approached Williams, Officer Reed knew that there had been an incident involving violence and a knife and that the man who wielded the knife was seated in a black car at the scene. *See United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013); *Terry v. Ohio*, 392 U.S. 1, 29-31 (1968). Based on the 911 call and his observations on arriving at the scene, Officer Reed had reasonable suspicion to believe that Williams may have committed a crime and, therefore, had reasonable suspicion to detain Williams at the time he initiated contact with Williams. *See United States v. Thomas*, 997 F.3d 603, 609 (5th Cir.2021); *United States v. Vickers*, 540 F.3d 356, 361 (5th Cir. 2008).

The court's next inquiry is whether Officer Reed's and Sergeant Gross's subsequent actions in ordering Williams out of the car and patting him down were "reasonably related in scope to the circumstances which justified the interference." *Terry*, 392 U.S. at 20.

In this case, the officers were aware that William, at one point, had a knife in his possession; however, it was unknown whether the knife was still in Williams's possession.  As such, the officers could have reasonably believed that their safety or the safety of the bystanders was at risk by allowing Williams to remain in his vehicle unrestrained and possibly armed.  *See United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994).  Thus, they did not violate Williams's Fourth Amendment rights.  *See Terry*, 392 U.S. at 20, 27.

With respect to the warrantless arrest, the information obtained by the officers during their investigation provided probable cause that Williams had committed aggravated assault with a deadly weapon.  *See United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999); Tex. Penal Code § 22.02(a)(2).  This included their observations as well as statements taken from witnesses at the scene.  Because the officers' investigation provided them with probable cause to arrest Williams, they did not violate his Fourth Amendment rights.  *See Garcia*, 179 F.3d at 269.

By failing to address his failure to train, failure to protect, and failure to intervene claims, Williams has abandoned them.  *See Brinkmann*, 813 F.2d at 748.  Similarly, Williams's failure to address the legal grounds underlying district court's dismissal of his claims regarding the violation of his Fifth, Sixth, and Fourteenth Amendment rights in his opening or reply briefs has resulted in the abandonment of those claims.  *See Brinkmann*, 813 F.2d at 748.

Finally, responsive to a court order, Williams's counsel filed a notice informing the district court that he did not need to conduct discovery prior

No. 22-11224

to replying to the officers' dispositive motion. Consequently, Williams has not demonstrated that the district court abused its discretion by staying discovery in this case. *Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015).

AFFIRMED.